MARY ST. GODDARD *vs.* ROSWELL S. BURNHAM.

Middlesex.   Jan. 8. — June 29, 1878.   AMES & LORD, JJ., absent.

Evidence that the defendant delivered intoxicating liquor to a minor, which was ordered and paid for by a third person, although the minor stated what kind of liquor he wanted, will not support an action to recover the forfeiture provided by the St. of 1875, *c.* 99, § 15, for the sale of intoxicating liquor to a minor.

TORT to recover a forfeiture of $100 under the St. of 1875, *c.* 99, § 15, for selling intoxicating liquor to the plaintiff's minor son.

At the trial in the Superior Court, before *Pitman*, J., it appeared that one Louis Bergen went into the defendant's bar-room and there treated the minor with whiskey; that the minor did not buy or pay for the liquor; but that Bergen ordered and paid for all of it, the minor, however, stating what kind of liquor he wanted, and receiving the same directly from the hands of

the bar-tender. The plaintiff contended that this transaction was within the provisions of the statute; but the judge ruled otherwise, directed the jury to return a verdict for the defendant, and, by consent of parties, reported the case for the determination of this court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be ordered.

*W. H. Bent*, for the plaintiff.

*D. S. Richardson & G. F. Richardson*, for the defendant.

COLT, J. It is provided in the St. of 1875, *c.* 99, § 15, that whoever, by himself or his agent, or servant, shall sell or give intoxicating liquor to any minor, shall forfeit a sum named for each offence. But the evidence in this case would not warrant the jury in finding that the liquor was either sold or given to the minor. The fact that the liquor was called for and paid for by Bergen, and that the minor did not buy or pay for it, is not in dispute; the case expressly so finds. The plaintiff did not ask to go to the jury on that question; and the character of the transaction is not changed by the fact that the kind of liquor wanted was left to the choice of the minor, or that it was received directly by him. A delivery to the minor did not make it a gift to him from the defendant. It was indeed a gift, but it was the gift of Bergen.

This action is brought under the provisions of § 15, and not under the provisions of § 6, *cl.* 4, and § 13, of the same chapter, which prohibit the sale or delivery of intoxicating liquor to a minor. And yet, under § 6, it has been decided that a sale or delivery to a minor for his parents' use is not a sale to a minor. *Commonwealth* v. *Lattinville*, 120 Mass. 385.

*Judgment on the verdict.*