JOHN KLOCKE, Respondent, v. JOSEPH TROSKE, Ursula Troske, Erwin Troske, and Arnold Troske, Appellants.

(222 N. W. 262.)

Opinion filed December 1, 1928.

*Manly & Manly,* for appellants.

*Edgar P. Mattson,* for respondent.

406

Burr, J. This action is an attempt to recover by claim and delivery process certain pieces of property which the defendants say are fixtures attached to the land and part of the real estate purchased by them.

In 1917 the plaintiff was the owner of certain real estate and executed a mortgage thereon to A. M. Schanke and W. G. Schanke as trustees; thereafter built a frame barn on the premises and installed therein a hay carrier and track, attaching the same to the barn; in the following year he installed a Delco light plant in the basement of the dwelling house on the land; placed the light plant on a solid cement block cemented into and made a part of the floor of the basement, attached it thereto, and wired the house and barn therefrom. In January, 1924, the mortgage was foreclosed and a receiver appointed to take

charge of the real property during the year of redemption. The plaintiff surrendered the possession of the land, buildings and fixtures to the receiver and received from him a lease of the property; in January, 1925, a sheriff's deed was issued to the trustees and the plaintiff in October, 1925, leased the land from them.

It appears from the evidence that when plaintiff installed the light plant he bought the same from a dealer under an agreement wherein title to the light plant was retained by the seller until paid for, and "that this equipment is and shall remain chattel property." From this the plaintiff claims that he and the dealer agreed to treat the light plant as personal property and that the defendants are bound thereby. It also appears that during the year 1926 before defendants purchased the land, the plaintiff installed new batteries for the Delco light plant which batteries stood upon a shelf and were not attached to the premises but were attached to the light plant. He also purchased some new rope for the use of the hay carrier attaching it to the carrier.

All of this property except the batteries and some of the ropes attached to the hay carrier were on the premises at the time of the foreclosure. Thereafter and before the premises were sold to the defendants the plaintiff, while occupying the land as a tenant, purchased and attached to these fixtures the batteries and these other ropes so that when the premises were sold to the defendants all of the property sought, except the water tanks, were attached to and part of the real estate. There is no claim that while the plaintiff was occupying the premises as a renter and purchased and attached the batteries and ropes there was any agreement between him and the owners of the premises permitting him to do so and considering the property personal property with right of removal. In fact the plaintiff himself says in his brief: "In the spring of 1926 Mr. Klocke without making any demand or request upon the Schankes, who at that time were the owners of the land, purchased new batteries for the Delco Light Plant in controversy for which he paid the sum of $240. He also purchased new ropes for the hay carrier in the summer of 1926 without asking the Schankes to furnish the same, at all times contending that the property was his, was personal property and should be replaced by him."

Neither is there any claim that the defendants knew this property

had been purchased by the plaintiff and attached to the property while he was a renter.

In July, 1926, the trustees sold the real estate to the defendants who entered into possession of the premises and the plaintiff voluntarily vacated and surrendered the premises to the defendants without attempting to take the light plant and hay carrier with him.

After the defendants came into possession of the premises the plaintiff returned for the purpose of removing what he called his personal property and upon the defendants refusing to surrender it he commenced this action wherein he seeks to recover the possession of the hay carrier and ropes, three water tanks and the Delco light plant with the storage batteries, bulbs and fixtures. He claims the total value of the property is $300. The defendants denied ever having had possession of the water tanks, or that they claimed them; but allege they are the owners of the remainder of the property claimed.

The facts as stated hereinbefore are undisputed. At the close of plaintiff's case, all of the foregoing facts having been established, the defendants moved for a directed verdict which was denied. At the close of the case defendants renewed their motion for a directed verdict, and this was denied. The case was submitted to the jury who returned a verdict for the plaintiff and against the defendants for the recovery of all of the property and for its value as follows:

"Three water tanks of value $5;

"One hay carrier and hay ropes and return rope of value $15;

"One Delco light plant of value of $125;

"Storage batteries of value of $175."

From the judgment entered defendants appeal.

It is clear that the hay carrier and the ropes attached thereto are fixtures attached to the barn, and the Delco Light Plant with its wiring and bulbs and batteries are fixtures attached to the dwelling house and are part thereof.

Anything embedded in land; or "permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by the means of cement, plaster, nails, bolts or screws," is a fixture and therefore part of the real estate. See § 5251, Comp. Laws 1913. There is no dispute in the testimony but what the Delco light plant was permanently attached to the cement block by means

of bolts and screws and this cement block was permanently attached to the dwelling house on the land, and the batteries and the wires were all attached to the light plant. These batteries and wires were part of the light plant and thus all became fixtures. The hay carrier was permanently attached to the barn on the land and ropes attached to the hay carrier and thus these apparati became fixtures. On this proposition there was nothing to submit to the jury. The evidence was undisputed and it merely became a question of law.

If the property be attached for the purpose of carrying out the purpose for which the building was designed then it should be recognized as real estate. Thus a cash carrier system placed in a store is so regarded as a part of the real estate. L. & M. Mercantile Co. v. Wimer, 94 Kan. 573, 146 Pac. 1162. This would include the ropes attached thereto to operate it, but there can be no difference in principle between ropes attached to operate a cash carrier system and ropes attached to operate a hay carrier system. In the light of this rule the fact the portions "may be severed without physical or lasting injury to either" becomes immaterial. See Fratt v. Whittier, 58 Cal. 126, 41 Am. Rep. 251. To the same effect is Levenson v. Standard Soap Co. 80 Cal. 245, 13 Am. St. Rep. 147, 22 Pac. 184.

It is true these fixtures were annexed to the land by the mortgagor after the making of the mortgage, but nevertheless they became subject to the mortgage. See 26 C. J. 726, and the many cases cited. The mortgage itself covers "all buildings and improvements now or hereafter placed thereon" and there can be no question but that these fixtures are "improvements."

In Prudential Ins. Co. v. Guild, — N. J. Eq. —, 64 Atl. 694, electric wiring was held to be a fixture and subject to a mortgage on the real estate. To the same effect is Fechet v. Drake, 2 Ariz. 239, 12 Pac. 694, where it is said: "The electric current, including wires, poles, insulators and appliances, was an essential part of the machine. To sever it was to destroy it."

If "insulators and appliances" became fixtures then of course the attached batteries must also be fixtures for the light plant would be worthless without them. All fixtures need not be actually attached to the soil. Those appliances attached to fixtures, and which are necessary for their operation and without which they could not operate, are

an essential part thereof and partake of the same nature. This is particularly so when it is evidently the intention of the mortgagor or tenant to attach them to the real estate, and such intent is one of the controlling factors in determining the character of the property under consideration. McFarlane v. Foley, 27 Ind. App. 484, 87 Am. St. Rep. 264, 60 N. E. 357. The fact there was an agreement between the plaintiff and the seller of the light plant, that until the light plant was paid for, it should be considered chattel property does not affect the rights of the mortgagees of the real estate or those claiming under them, as against the mortgagor.

There is no issue here as to any rights or interest on the part of the seller of the light plant. The case assumes the light plant is paid for. It is very clear from the testimony that when the plaintiff installed the light plant he intended it to become a part of the dwelling house and was using it for his own convenience in the house and in the barn. In the case of Canning v. Owens, 22 R. I. 624, 84 Am. St. Rep. 858, 48 Atl. 1033 it was held that electric light fixtures attached to property by a mortgagor with intention that they remain a part of the real estate pass on sale of the property. As said therein: Claimant "did not detach or attempt to detach said fixtures until some time after the hotel property was sold under the mortgage thereof given by her."

The plant with all its attachments was clearly intended by the mortgagor, at that time the owner of the land, to be part of his equipment on the farm and as such became covered by the real estate mortgage. The plaintiff does not claim nor did he attempt to show he had removed these extra fixtures during the continuance of his term on the land. In fact the evidence shows that he did not. His tenancy expired, he removed from the premises himself, the land was sold to the defendants, he surrendered possession and thereafter he attempted to remove the batteries and ropes. Under § 5472 of the Code (Comp. Laws 1913):

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land, unless he chooses to require the former to remove it; provided, that a tenant may remove from the demised premises any time during the continuance of his term anything affixed

thereto for the purpose of . . . domestic use, if the removal can be effected without injury to the premises, unless the thing has by the manner in which it is affixed become an integral part of the premises."

There is no claim of any agreement made with the owner of the land permitting the removal nor any proof or claim that the owner required the tenant to remove it; neither is there any claim that the property had been removed during the continuance of the term. Thus under the provisions of § 5472 the plaintiff would not be permitted to return and take the property, and if he could not do this, he can not maintain an action in claim and delivery.

The law of California defining fixtures and their severance is identical with our §§ 5241 and 5472. In construing these sections the supreme court of California held "that where mining machinery, consisting of electric motors, etc., was bolted to a concrete foundation placed in the earth or to a wood foundation, and the lighting transformer was on a pole which was fixed in the ground, and an electric pump was bolted down in the mine, and all were used in working and developing the mine, such machinery and appliances, though placed on the premises by an assignee of the vendee of the mine, were fixtures as between creditors of such assignee and the vendor, holding the title to the mine as security for unpaid purchase money; the contract of sale containing no provision for removal." Conde v. Sweeney, 16 Cal. App. 157, 116 Pac. 319.

In the case at bar the contract for sale of the light plant is introduced in evidence and there is no provision for removal, though the contract does say "that the title shall not pass to the undersigned purchaser until the purchase price . . . is paid in full, and that until such payment said equipment shall be and remain the property of the Domestic Engineering Company."

This contract was never filed for record, and there is nothing in the case showing that the purchase price is not paid. In the case of Randolph Marketing Co. v. Stevenson, 65 Cal. App. 1, 222 Pac. 849, the court held, construing a provision of law similar to our § 5472: "Under a lease from year to year of a packing house, which provided for the installation by the lessee of machinery and an annual rental, which might be paid in cash or by the lessee's leaving the machinery . . . that the expiration of a year without the payment of a cash rental, and

the renewal of the lease divested the lessee of a right to remove the machinery so that a subsequent attempted transfer of title to the machinery was without legal force. . . ."

When the defendants purchased the property they purchased the fixtures with it, and are entitled to the possession thereof unless it be shown they knew the plaintiff had been ordered by the landlord to remove them and thus had a right to sever these fixtures and take them with him and had done so before the tenancy expired. There is no such claim and no such proof.

The plaintiff is entitled to the possession of the water tanks. It is clear from the case and the evidence that all he had to do was to go and get them. Defendants no more claimed them than they would claim a wagon standing on the place.

The judgment of the lower court is reversed and judgment ordered for the defendants with costs.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.