C. W. WARNER, Appellant, v. ANDREW INTLEHOUSE, Respondent.

(235 N. W. 638.)

Opinion filed March 19, 1931.

*Kvello & Adams,* for appellant.

*H. P. Remington,* for respondent.

544

BIRDZELL, J. Warner, the plaintiff, brought action against Intlehouse, the defendant, alleging in his complaint that he was the owner of a certain described tract of land in Sargent county; that on divers days between the 15th day of September and the 15th day of November, 1928, the defendant continually trespassed upon the plaintiff's land and without the latter's consent tore up and removed from the land certain fencing, converting and appropriating the same to his own use; that the plaintiff had demanded of the defendant the return and replacing of the same or payment therefor and the defendant had refused to comply with the demand. Damages are asked in the sum of $350.00. By amended answer and counterclaim the defendant denies the allegations in the complaint and alleges that the fences had been placed upon the land by one Leslie Gibbons who was formerly in possession but who had been ousted in forcible entry and detainer proceedings brought by the plaintiff; that in the forcible entry and detainer proceedings the plaintiff had testified to the effect that he did not claim the fencing and that it might be removed by Gibbons; that the defendant purchased the fencing from Gibbons with full knowledge of the plaintiff's testimony in such former suit and in reliance thereon; that he had paid Gibbons for the same and that by reason of these premises the plaintiff is estopped to maintain the present action. The counterclaim pleaded was based upon the plaintiff's refusal to allow the defendant to take from the land a portion of the fencing so alleged to have been purchased from Gibbons.

It seems the defendant Intlehouse had brought an independent action against the plaintiff Warner seeking to recover as for conversion of the fence posts and wire, which Warner forbade Intlehouse to re-

move from the premises, and when the present action of Warner against Intlehouse was called for trial it was stipulated that the defendant might plead, by way of counterclaim, the facts alleged in his complaint in such independent suit and that the whole matter might be tried in the instant action. It was so tried. A jury was waived and at the conclusion of the trial the court made findings and ordered judgment dismissing both the plaintiff's suit and the counterclaim, giving the defendant judgment for costs. From this judgment the plaintiff appeals.

The following are the material facts: The plaintiff has been the owner of the land upon which the fencing was placed since 1922. In that year he contracted to sell the land to one Gibbons, a resident of Iowa. Leslie Gibbons, a son of the purchaser went upon the land to farm it. He subsequently married a daughter of the plaintiff. Thereafter the Gibbons contract was cancelled and the plaintiff obtained a Federal amortized loan. Leslie Gibbons continued in possession, claiming to do so under a contract with Warner, his father-in-law, whereby he was to pay the taxes and the installments on the loan and upon doing so was to become the owner.

Warner, on the other hand, contended that Gibbons occupied the premises as his tenant, that he was merely to have the *use* of the premises, agreeing to pay therefor the taxes and the installments on the loan as rental. The dispute between Warner and Leslie Gibbons was resolved in a forcible entry and detainer action which terminated in the summer of 1928, which will be further referred to below. Suffice it to say here that upon the trial of that action Warner testified he was willing that Gibbons should remove the fencing placed on the land by him during the period of his occupancy and which is the fencing involved in this suit. Before vacating the premises pursuant to the judgment in the forcible entry and detainer action Gibbons removed some of the wire from the posts and pulled some of the posts. He then sold to the defendant in this action all the fencing placed on the land by him. The defendant removed all that had been taken down by Gibbons and was engaged in removing the balance when he was ordered by the plaintiff to stop. He complied with the plaintiff's order and the two suits which are here, in effect, consolidated were brought to determine the rights of these parties with respect to the fencing

and which arise out of any incidental trespass. The defendant has not appealed from the judgment dismissing his counterclaim, so we are not concerned with any claim he asserted to that portion of the fencing which he did not obtain. The plaintiff claims damages for trespass measured largely by the value of the fencing removed.

The basic contention of the plaintiff seems to be that the fences which had been placed upon the land during Gibbons' occupancy were fixtures, the ownership of which passed to the plaintiff when they were attached (Comp. Laws 1913, § 5251); that they are not fixtures which a tenant may remove under § 5472 of the Compiled Laws of 1913 (Klocke v. Troske, 57 N. D. 404, 222 N. W. 262); and that even though Gibbons might have had a right to remove the fences during his tenancy he did not do so and they could not be removed either by him or by his assignee after the termination of the tenancy.

If the rights of the parties in the instant action were dependent solely upon the relationship of landlord and tenant, where the tenant enjoys either a lease terminable at a stated time or a term of uncertain duration, it might be necessary to determine the questions submitted by the appellant; but this record shows that the rights of the parties, so far as the fencing is concerned, are largely derived from the judgment in the forcible detainer action brought by the present plaintiff against Leslie Gibbons, the defendant's vendor.

In disposing of that case the trial judge, the late Charles E. Wolfe, wrote a memorandum decision in which he held that the defendant had not shown by satisfactory evidence the existence of a contract of purchase such as is referred to above. He was also of the opinion that he could not say from the evidence whether there was a mere verbal lease such as was contended for by the plaintiff and which had been broken by the failure of the defendant to pay the amortization installments and taxes. But he did hold, "The plaintiff claiming that defendant is a mere tenant, must accord to him the right of a tenant, so far as the removal of fences and like property may be concerned." Indisputably, the plaintiff had testified in that action that he made no claim to the fencing that was placed on the land by Gibbons and that he could have it if he wanted it. This record likewise shows that the present defendant dealt with Gibbons with knowledge of and reliance upon the plaintiff's testimony and the decision in the forcible entry

and detainer action. There can be no question but that Leslie Gibbons was conceded the right in the forcible entry and detainer suit to take the fences which he had put upon the land. For the purpose of the judgment in that action the fences were regarded as belonging to him. In view of the plaintiff's testimony and the decision of the trial court, the fences built by Gibbons were in effect constructively severed from the realty for the purpose of adjudicating the rights of the parties. Where there is an agreement between a landlord and a tenant that an article or structure annexed to land may be subject to removal by the person who places it there, the agreement itself may so far fix the rights of the parties with respect thereto as to make inapplicable the common law rules governing fixtures (26 C. J. 710), and such an agreement may be effective though entered into after the annexation is complete. See 11 R. C. L. 1064. The record in the instant case showing the manner in which the forcible entry and detainer suit was disposed of, virtually establishes an agreement between the parties with respect to the disposition of the fencing placed on the land by Gibbons. In these circumstances we see no reason why Gibbons might not remove the fences or transfer his rights to another.

It follows from what has been said that the judgment appealed from is right and it is affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.