**FARM CREDIT BANK OF ST. PAUL, formerly known as the Federal Land Bank of St. Paul, a corporation, Plaintiff and Appellee,**

v.

**Agnes Irene MARTINSON, Defendant,**

and

**John Martinson, Defendant and Appellant.**

Civ. No. 890237.

Supreme Court of North Dakota.

March 29, 1990.

---

Jon R. Brakke of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiff and appellee.

James R. Britton, Rolla, for defendant and appellant.

VANDE WALLE, Justice.

John Martinson appealed from a judgment of eviction entered by the county court for Dickey County. Martinson contends that the court improperly determined that Farm Credit Bank of St. Paul was the owner of twelve grain bins situated on the property. We affirm.

John Martinson was a tenant on a farm owned by his mother, Agnes Irene Martinson. The farm was located in Dickey County. During his tenancy, John erected twelve grain bins on the leased farmland. John did not negotiate a severance agreement with Agnes regarding the removal of the grain bins upon the expiration of his tenancy, nor did John file a notice with the office of the register of deeds stating that he intended to remove the grain bins at the end of his lease term as permitted by NDCC § 47–06–04.

In 1981, Agnes obtained a loan from Farm Credit Bank of St. Paul in the principal sum of $247,000. The loan was memorialized by a promissory note, and secured by a mortgage on her farmland. When Farm Credit Bank extended the loan to Agnes and recorded the mortgage, the twelve grain bins were already constructed and affixed to the farmland.

Agnes defaulted on the payment due under the note and Farm Credit Bank ultimately instituted foreclosure procedures. During the course of the foreclosure action a settlement was reached whereby Agnes consented to the entry of a judgment of foreclosure by Farm Credit Bank. Farm Credit Bank was the high bidder at the sheriff's sale and it was issued certificates of sale by the sheriff. During the redemption period Agnes redeemed a fifteen-acre parcel of the mortgaged property. The grain bins in controversy are not situated on the fifteen acres redeemed by Agnes. The sheriff subsequently issued sheriff's deeds to Farm Credit Bank for the remaining unredeemed land.

After sheriff's deeds were issued to Farm Credit Bank, John and Agnes Martinson continued to pasture livestock and to store grain, farm machinery, and motor vehicles on the foreclosed property although Farm Credit Bank did not consent to the Martinsons' continued occupancy of the land. Farm Credit Bank eventually commenced an eviction proceeding in the county court for Dickey County. A hearing was held on the eviction action and the county court subsequently issued its findings of fact, conclusions of law, and order for judgment. In its findings of fact the court determined that Farm Credit Bank acquired deeds to the farmland in issue through its foreclosure proceeding, that the grain bins erected by John Martinson constituted fixtures on the farmland and became a part of the property acquired by Farm Credit Bank through its foreclosure, and that John and Agnes Martinson were currently pasturing cattle, storing farm equipment, and storing agricultural commodities upon Farm Credit Bank's land. The trial court ordered John and Agnes Martinson to remove their property from the subject real estate.

On appeal, John Martinson argues that the twelve grain bins he erected on the farmland during his tenancy were his personal property. Because he was not a party to the foreclosure proceedings, John contends that he was denied his due-process rights with respect to ownership over the grain bins when the county court found that the bins were fixtures on the property and that Farm Credit Bank had acquired ownership rights to the bins when it successfully foreclosed on Agnes's farmland. John appears to argue that title to the grain bins was determined in the foreclosure proceedings and that in order to protect his due-process rights he should have been made a party to the foreclosure proceedings or, because he was not a party in those proceedings, the county court should have held the eviction action in abeyance until the district court has determined title to the grain bins in a separate action in which John is a party. We disagree.

■■■ Under NDCC § 47–06–04, when a tenant affixes his or her property to the land of another without an agreement for its removal, the property affixed belongs to the owner of the land upon the termination of the tenancy. *See also Schnaible v. City of Bismarck*, 275 N.W.2d 859 (N.D.1979); *Frank v. Schaff*, 123 N.W.2d 827 (N.D. 1963); *Gussner v. Mandan Creamery & Produce Co.*, 78 N.D. 594, 51 N.W.2d 352 (1952); *Klocke v. Troske*, 57 N.D. 404, 222 N.W. 262 (1928). However, § 47–06–04 also contains a special provision which applies to grain bins erected on leased premises by agricultural tenants:

"When any tenant upon agricultural land shall have built, erected, or placed upon such leased premises during his tenancy, any grain bin, granary, or structure for the purpose of housing grain, and no written agreement between the landlord and the tenant has been made as to its removal, he may remove the same at any time within eight months after the termination of his lease and the vacating of said premises. *The tenant shall not have said right of removal as against the owner or holder of any mortgage, deed, or conveyance which shall have been filed and recorded after the building, erection, or placing of such bin, granary, or structure, unless such tenant, within sixty days after such building erecting or placing, shall have filed in the office of the register of deeds a written notice describing the land, the character of the structure, and stating that he intends to remove such structure as provided by law.*" (emphasis added).

Thus, in order for an agricultural tenant to preserve the right to remove a grain bin against a holder of a mortgage recorded after the erection of the bin, the tenant must file a description of the bin and a notice of his or her intent to remove it with the county register of deeds. White & Skjerven, *A Survey of Laws Affecting Farm Tenancy*, 37 N.D.L.Rev. 158, 179 (1961).[1]

From our review of the record and transcripts of the county court eviction action, it is clear that the grain bins in controversy were erected on the leased property by John Martinson prior to the recordation of Farm Credit Bank's mortgage. Moreover, John Martinson did not file a notice with the county register of deeds which would have given Farm Credit Bank, as the holder of a mortgage, any notice of John's intention to remove the bins. When John failed to record a notice stating his intention to remove the bins at the end of his lease, he failed to preserve his right of removal against the subsequent mortgagee. As a result, there was no reason to include John as a party in the foreclosure proceedings. *Cf.* NDCC §§ 32–19–38, 32–19–39, 32–19–40. Farm Credit Bank became the owner of the real estate, includ-

---

1. While stating that NDCC § 47–06–04 provides rather harsh rules for the removal of fixtures by tenants, *A Survey of Laws Affecting Farm Tenancy*, 37 N.D.L.Rev. 158, 179–80 (1961), notes the harshness of the statute may be mitigated by tenants if they comply with its terms. Thus, for example, the harshness of § 47–06–04 can be mitigated by constructing agreements with landlords regarding the removal of fixtures, or by filing a notice with the register of deeds stating that an agricultural tenant plans to remove grain bins at the expiration or his or her lease.

ing the grain bins, as a result of the sheriff's deeds, and was entitled to evict the Martinsons from the real estate and the use of the bins.

The judgment of eviction is affirmed.

ERICKSTAD, C.J., MESCHKE, J., and VERNON R. PEDERSON, Surrogate Judge, and HODNY, District Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, and HODNY, District Judge, sitting in place of GIERKE and LEVINE, JJ., disqualified.