[File No. 7083]

PAUL HASSE, Appellant, v. EDWIN J. DEWITZ and Doris Dewitz, Respondents

(33 NW2d 625)

Opinion filed August 20, 1948.

Opinion of the Court by *Burke*, J.
*J. H. McCarter*, for appellant.
*Linn Sherman*, for respondent.

BURKE, J. This appeal is from a judgment entered in an action for conversion. The issue in the case is whether title to a windmill, certain well installations including casing, pipe and pump and the fences located upon a section of land purchased by defendants, is in the plaintiff or in the defendants. This issue was submitted to a jury upon a trial of the case and the jury found in favor of the defendants.

Prior to 1930 the land with which we are concerned had been

owned by F. S. Horlacher. In 1928, Horlacher rented it to the plaintiff. In 1928 or 1929 plaintiff installed thereon the improvements here in question, under a claimed agreement with his lessor, by which he reserved title in the improvements and the right to remove them from the land upon the termination of his tenancy. In 1930 plaintiff purchased the land subject to a mortgage previously given by Horlacher to the Federal Land Bank. This mortgage was foreclosed in 1941 and on December 19, 1942 the Federal Land Bank received a sheriff's deed to the property. On January 18, 1943,the Bank sold the land to the defendants under a contract for deed. The defendants entered into actual possession in March 1943.

The record does not disclose when plaintiff moved from the land. At that time however he did not take these improvements with him nor did he give notice to anyone that he claimed title to them. His first act from which a claim of title could be inferred was when he entered upon the land some two months after defendants had taken possession and removed the windmill, the well casing and part of the fence. These were later recovered by defendants, and thereupon plaintiff brought this suit.

Plaintiff's only claim of title rests upon the agreement made in 1929 with Horlacher under which he reserved title in and the right to remove the improvements. Defendants claim title to the improvements as fixtures upon land which they purchased in good faith without notice of any reservation of title by plaintiff.

We do not pass upon the question of whether plaintiff's reservation continued after the termination of his tenancy, for in any event defendants' claim as good faith purchasers must be sustained.

Section 47–0103 ND Rev Code 1943 provides:

"Real or immovable property shall consist of:

1. Land;
2. That which is affixed to land.
3. . . .
4. . . . ."

Section 47–0105 ND Rev Code 1943 provides:

"A thing is deemed to be affixed to land when it is attached to it by its roots, as in the case of trees, vines or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws."

It is clear that windmills, wells and fences ordinarily are fixtures under the above statutory definition. Klocke v. Troske, 57 ND 404, 222 NW 262. While agreements may be made reserving title as personal property in things which ordinarily are fixtures, (Warner v. Intlehouse, 60 ND 542, 235 NW 638) such agreements are not binding upon subsequent purchasers in good faith, who have no notice of the reservation, and such purchasers acquire title unencumbered by the reservation. Klocke v. Troske (ND) supra, 66 CJ (Vendor and Purchaser) 1193; Abramson v. Penn, 156 Md 186, 143 A 795, 73 ALR 742. Annotations in 13 ALR 449 and 73 ALR 748.

In the instant case the question of whether defendants had notice of any reservation at the time the contract for deed was executed was squarely submitted to the jury upon the evidence and the trial court's instructions. The jury found for defendants upon sufficient evidence. The judgment of the district court is therefore affirmed.

CHRISTIANSON, Ch. J., NUESSLE, J., and GRONNA, and GRIMSON, District Judges, concur.

BURR and MORRIS, JJ., did not participate.