Steven F. MARSH and Bertha Marsh,
Plaintiffs, Appellees and
Cross–Appellants,

v.

Myron BINSTOCK, Defendant,

and

Martin Decker, Jr., Defendant,
Appellant and Cross–Appellee.

Civ. No. 900159.

Supreme Court of North Dakota.

Oct. 31, 1990.

George T. Dynes (argued), of Freed, Dynes, Reichert & Buresh, P.C., Dickinson, for plaintiffs, appellees and cross-appellants.

David F. Senn (argued), of Baird & Senn, Dickinson, for defendant, appellant and cross-appellee.

LEVINE, Justice.

Martin Decker, Jr., appeals from a summary judgment awarding damages for conversion to Steven and Bertha Marsh [hereinafter collectively "Marsh"] against Decker and Myron Binstock. Marsh cross-appeals from the court's refusal to award legal fees and other costs of recouping the property. We reverse the summary judgment and remand for trial.

Marsh sold Binstock certain farm real estate on a contract for deed which was properly recorded. The sale included a dairy barn which housed milking equipment, composed of a six-hundred gallon tank, a washer, and an air compressor. The equipment was affixed to the barn by screws, electrical wiring, water pipes, and freon pipes.

Binstock defaulted on the contract for deed and eventually deeded the property back to Marsh. Before doing so, however, Binstock sold the milking equipment to Decker for $1,900. The equipment was removed from the barn by Binstock and Decker, and Decker has since disposed of some of the equipment.

Marsh commenced this action against Binstock and Decker for conversion of the equipment, asserting that the various items were fixtures and that Marsh retained an interest in fixtures under the contract for deed. Binstock and Decker denied that the items were fixtures, arguing that the milking equipment was personal property or, in the alternative, that Marsh had granted Binstock authority to sell the milking equipment. On Marsh's motion for summary judgment, the county court held that there were no remaining issues of material fact and that the items of milking equipment were fixtures as a matter of law. Because Decker had disposed of some of the equipment, making its return impossible, the court awarded Marsh damages of $1,900 plus interest.[1] The court denied Marsh's claim for legal fees and other expenses incurred in seeking recoupment of the converted property. Decker has appealed and Marsh has cross-appealed.

The dispositive issue on appeal is whether the county court erred in determining that there was no issue of material fact on the status of the milking equipment as fixtures. The parties agree that if the milking equipment was personal property, rather than fixtures, Decker did not commit conversion when he purchased the equipment from Binstock.

1. The parties agreed that the equipment had a value of $1,900.

▇ Under Rule 56, N.D.R.Civ.P., a movant for summary judgment must show that there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts and that he is entitled to judgment as a matter of law. *Federal Land Bank of St. Paul v. Asbridge,* 414 N.W.2d 596, 598 (N.D.1987). If the movant fails to meet this initial burden, summary judgment is inappropriate even if the adverse party fails to respond with proof in opposition to the motion. *Northwestern Equipment, Inc. v. Badinger,* 403 N.W.2d 8, 9 (N.D.1987). In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion and that party must be given the benefit of all favorable inferences which can reasonably be drawn from the evidence. *Federal Land Bank of St. Paul v. Asbridge, supra,* 414 N.W.2d at 598.

▇ In the motion for summary judgment, Marsh asserted that the equipment constituted fixtures as a matter of law, relying upon the manner of its annexation to the realty and upon the documentation evidencing the sale between Marsh and Binstock.

"Fixture" is defined in Section 47–01–05, N.D.C.C.:

> "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws."

We have stated that, in determining whether an item is a fixture under the statute, relevant considerations include the intent of the person making the annexation to the realty, the manner in which it is annexed, and its adaptation to the use of the realty. *Lundgren v. Mohagen,* 426 N.W.2d 563, 564 (N.D.1988); *Bellemare v. Gateway Builders, Inc.,* 420 N.W.2d 733, 735 (N.D. 1988); *Strobel v. Northwest G.F. Mutual Insurance Co.,* 152 N.W.2d 794, 796 (N.D. 1967).

▇ Taking these factors into consideration, it is clear that the items of milking equipment were, at least at one time, fixtures. They were permanently attached to the barn by screws, electrical wiring, and separate piping for water and freon. They had been installed by Marsh in 1978, and remained permanently in place until removed by Decker and Binstock in 1989. They clearly were specifically adapted to the use of the realty, i.e., a barn used in a milking operation. Finally, all outward manifestations suggest that it was Marsh's intent, as the person annexing these items to the realty, that they would be fixtures.

▇ Our inquiry, however, does not end there. Notwithstanding the physical characteristics of a fixture, parties may agree to give it the legal character of personalty. *Lundgren v. Mohagen, supra,* 426 N.W.2d at 564–565; *Burlington Northern Railroad Co., Inc. v. Scheid,* 398 N.W.2d 114, 119 (N.D.1986). Such an agreement follows the well-established principle that when an owner of realty and fixtures sells the fixtures separate from the real estate, a constructive severance occurs and the fixtures become personal property. *Lundgren v. Mohagen, supra,* 426 N.W.2d at 565. The determination whether there has been an agreement to treat fixtures as personalty is a question of fact. *Lundgren v. Mohagen, supra,* 426 N.W.2d at 565.

▇ The documents evidencing the sale to Binstock arguably create an inference that the parties intended to treat the milking equipment as personal property. The contract for deed allocated the $136,000 purchase price as follows: single family home—$54,000; milking equipment—$8,000; and land and other improvements—$74,000. The statement of full consideration filed with the State Board of Equalization stated that personal property valued at $8,000 was included in the sale. Marsh testified at his deposition that no other personal property was included in the sale which might account for the $8,000 claim on the tax statement. In addition, the contract for deed describes the property to be sold as the described land "TOGETHER

WITH MILKING EQUIPMENT ATTACHED TO OR A PART OF BUILDINGS ON SAID PREMISES AS WELL AS ALL FIXTURES." Although this language may be subject to differing interpretations, it can be read as indicating that the items of milking equipment were not fixtures. This would lend further support to the assertion that the parties intended to give the milking equipment the legal characteristics of personal property.

The foregoing evidence, viewed in a light most favorable to Decker, raises an issue of material fact on the existence of an agreement between Marsh and Binstock to treat the milking equipment as personalty.[2] Marsh, as the moving party, has failed to establish that there is no dispute of material fact, making summary judgment inappropriate. *Federal Land Bank of St. Paul v. Asbridge, supra,* 414 N.W.2d at 598.

Our resolution of this issue makes it unnecessary to address the remaining issues raised by the parties. " 'Questions, the answers to which are not necessary to the determination of a case, need not be considered.' " *Mullins v. North Dakota Department of Human Services,* 454 N.W.2d 732, 735 (N.D.1990) (*quoting Hospital Services, Inc. v. Brooks,* 229 N.W.2d 69, 71 (N.D.1975)).

The summary judgment is reversed and the case is remanded for trial on the merits.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and GIERKE, JJ., concur.

---

**2.** An issue has been raised about the enforceability of such an agreement when a third party is involved. We have previously recognized that such an agreement is not binding upon a subsequent good faith purchaser or mortgagee who has no actual or constructive notice of the agreement. *Lundgren v. Mohagen, supra,* 426 N.W.2d at 565; *Burlington Northern Railroad Co. v. Scheid, supra,* 398 N.W.2d at 119; *see also* 35 Am.Jur.2d Fixtures § 18 (1967). That rule comes into play when someone seeks to enforce the agreement *against* the innocent third party. It is equally well-settled, however, that a third party succeeding to or claiming under the rights of a party to such an agreement regarding fixtures may take full advantage thereof. 35 Am. Jur.2d Fixtures § 21 (1967). In this case, Decker is a third party claiming under the rights of Binstock, a party to the agreement, and is seeking to enforce the agreement against Marsh.